<sup>
</sup>

David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E Southern Ave, D106-618
Mesa, AZ 85206
602-845-5969
866-317-2674 facsimile
dmcdevitt@consumerlawinfo.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

K.J., a minor, by and through her parent ) Case No.
and legal guardian Brent Larson, )
) COMPLAINT AND TRIAL BY JURY
Plaintiff, ) DEMAND
)
vs. )
)
The CBE Group, Inc. )
)
Defendant. )

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the common law of the State of Arizona.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the plaintiff's action occurred in this district, where the plaintiff resides in this district, and where the defendant transacts business in this district.

Complaint - 1

**PARTIES**

4. Plaintiff K.J. ("Plaintiff") is an 11-year old child and resident of the State of Arizona, County of Maricopa.

5. She brings this action through her parent and legal guardian Brent Larson ("Mr. Larson"), also a resident of the State of Arizona, County of Maricopa.

6. Defendant The CBE Group, Inc. ("CBE") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. §1692a(5).

7. CBE uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. In early 2013, Mr. Larson purchased a cell phone for his daughter, K.J., so that he and K.J.'s mother could reach her in an emergency.

10. At some point on or before November 1, 2013, CBE began placing calls to K.J.'s cell phone looking for a person named "Matthew" in connection with collection of an alleged debt in default.

11. Upon information and belief, the "debt" allegedly owed by "Matthew" was owed or due, or asserted to be owed or due a creditor other than CBE, and arose from a

transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. On November 1, 2013, CBE called K.J.'s cell phone, and at such time left the following message:

> This call is from The CBE Group, a debt collector. Please return my call at 1-866-910-3185.  Thank you.

13. K.J's outgoing voicemail greeting ("the Greeting") stated, "Hi, it's me Kendall, I'm not here at the moment, so please leave me a message and I'll get back to you, thanks!"

14. The Greeting is spoken in K.J.'s own voice—recorded when she was 10 years old—which would indicate to a reasonable person that the called party was a young child and not a debtor named "Matthew."

15. K.J. recorded the Greeting when she first obtained the phone in early 2013, and she still uses the same greeting.

16. Thus, any time CBE's calls would go to K.J.'s voicemail, it would have heard the Greeting.

17. Upon information and belief, CBE heard the Greeting on more than one occasion, but intentionally continued to call K.J.'s cell phone.

18. CBE placed additional telephone calls K.J.'s cell phone including, but not limited to, the following dates and approximate times:

   1) November 9, 2013 at 8:10 A.M.;
   2) November 11, 2013 at 11:03 A.M.;
   3) November 11, 2013 at 7:04 P.M.;
   4) November 12, 2013 at 12:18 P.M.;

Complaint - 3

5) November 12, 2013 at 4:46 P.M.;
6) November 13, 2013 at 11:01 A.M.;
7) November 13, 2013 at 3:27 P.M.;
8) November 14, 2013 at 8:08 A.M.;
9) November 14, 2013 at 2:04 P.M.;
10) November 15, 2013 at 12:01 P.M.;
11) November 15, 2013 at 3:16 P.M.;
12) November 21, 2013 at 7:27 P.M.;
13) December 2, 2013 at 8:10 A.M.;
14) December 2, 2013 at 12:14 P.M.;
15) December 4, 2013 at 2:28 P.M.;
16) December 6, 2013 at 1:19 P.M.;
17) December 16, 2013 at 12:09 P.M.;
18) December 18, 2013 at 6:13 P.M.;
19) December 19, 2013 at 8:06 P.M.;
20) January 3, 2014 at 8:06 A.M.;
21) January 7, 2014 at 12:05 P.M.;
22) January 8, 2014 at 11:17 A.M.;
23) January 13, 2014 at 4:07 P.M.;
24) January 13, 2014 at 7:15 P.M.;
25) January 14, 2014 at 8:08 A.M. ;
26) January 14, 2014 at 12:05 P.M.;
27) January 14, 2014 at 4:03 P.M.;
28) January 14, 2014 at 7:52 P.M.;
29) January 15, 2014 at 8:09 A.M.;
30) January 15, 2014 at 11:22 A.M.;
31) January 15, 2014 at 3:06 P.M.;
32) January 16, 2014 at 11:05 A.M.;
33) January 16, 2014 at 6:03 P.M.;
34) January 17, 2014 at 9:07 A.M.;
35) January 17, 2014 at 1:13 P.M.;
36) January 18, 2014 at 8:04 A.M.;
37) January 18, 2014 at 11:11 A.M.;
38) January 23, 2014 at 11:33 A.M.;
39) January 23, 2014 at 4:04 P.M.;
40) January 24, 2014 at 9:13 A.M.;
41) January 24, 2014 at 12:42 P.M.;
42) January 24, 2014 at 4:47 P.M.;
43) January 25, 2014 at 8:48 A.M.;
44) January 27, 2014 at 8:33 A.M.;
45) January 27, 2014 at 3:38 P.M.;
46) January 27, 2014 at 7:07 P.M.;
47) January 28, 2014 at 8:22 A.M.;

48) January 28, 2014 at 12:02 P.M.;
49) January 29, 2014 at 8:11 A.M.;
50) January 29, 2014 at 12:20 P.M.;
51) January 30, 2014 at 11:42 A.M.;
52) January 31, 2014 at 9:15 A.M.;
53) January 31, 2014 at 4:24 P.M.;
54) February 1, 2014 at 8:45 A.M.;
55) February 3, 2014 at 6:51 P.M.;
56) February 5, 2014 at 8:31 A.M.;
57) February 5, 2014 at 4:16 P.M.;
58) February 6, 2014 at 8:05 A.M.;
59) February 6, 2014 at 12:33 P.M.;
60) February 6, 2014 at 4:24 P.M.;
61) February 7, 2014 at 9:09 A.M.;
62) February 7, 2014 at 4:03 P.M.;
63) February 7, 2014 at 4:54 P.M.;
64) February 8, 2014 at 8:25 A.M.;
65) February 14, 2014 at 9:06 A.M.;
66) February 14, 2014 at 1:12 P.M.;
67) February 15, 2014 at 8:44 A.M.;
68) February 17, 2014 at 8:22 A.M.;
69) February 17, 2014 at 1:16 P.M.;
70) February 17, 2014 at 4:59 P.M.;
71) February 18, 2014 at 8:16 A.M.;
72) February 18, 2014 at 12:22 P.M.;
73) February 19, 2014 at 8:16 A.M.;
74) February 19, 2014 at 12:22 P.M.;
75) February 20, 2014 at 8:17 A.M.;
76) February 20, 2014 at 11:41 A.M.;
77) February 20, 2014 at 6:52 P.M.;
78) February 21, 2014 at 9:15 A.M.;
79) February 22, 2014 at 8:53 A.M.;
80) February 24, 2014 at 8:17 A.M.;
81) February 24, 2014 at 12:35 P.M.;
82) February 24, 2014 at 4:55 P.M.;
83) February 25, 2014 at 8:04 A.M.;
84) February 25, 2014 at 11:11 A.M.;
85) February 25, 2014 at 5:27 P.M.;
86) February 26, 2014 at 8:12 A.M.;
87) February 26, 2014 at 12:35 P.M.;
88) February 26, 2014 at 6:54 P.M.;
89) February 27, 2014 at 11:02 A.M.;
90) February 27, 2014 at 2:15 P.M.

# COUNT I
## 15 U.S.C. § 1692d

19. Plaintiff repeats and re-alleges every paragraph contained in the above paragraphs.

20. The FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

21. CBE violated 15 U.S.C. § 1692d by repeatedly placing debt collection calls to a telephone number which, as evidenced by the Greeting, belonged to a 10-year-old child during normal school hours—the natural consequence of which is to harass, oppress, or abuse a person.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CBE violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

# COUNT II
# 15 U.S.C. § 1692d

22. Plaintiff repeats and re-alleges every allegation contained in the above paragraphs.

23. The FDCPA prohibits debt collectors from placing "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

24. Section 1692d(6) "requires a debt collector to disclose the caller's name [and] the debt collection company's name." *Shannon Davis v. National Credit Systems, Inc.*, No. 4:12-cv-03147 (D. Neb. 2013) (citing *Baker v. Allstate Financial Services, Inc.*, 554 F. Supp. 2d 945, 949 (D. Minn. 2008).

25. CBE violated 15 U.S.C. § 1692d(6) when its debt collection agent left the November 1, 2013 voicemail without stating his or her name.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that CBE violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## Invasion of Privacy

26. Plaintiff repeats and re-alleges every allegation contained in the above paragraphs.

27. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B.

28. CBE invaded K.J.'s privacy by intentionally placing numerous calls to her cell phone during normal school hours.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CBE invaded K.J.'s privacy;

    b) Awarding K.J. compensatory damages;

    c) Awarding K.J. punitive damages;

    d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

29.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted on Tuesday, October 28, 2014.

By: s/ David McDevitt
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E Southern Ave, D106-618
Mesa, AZ 85206
602-845-5969
866-317-2674 facsimile
dmcdevitt@consumerlawinfo.com
Attorney for Plaintiff